UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| HENRY C. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-199 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| SILVERDALE DETENTION CENTER | ) | |
| STAFF AND OFFICIALS, CAPTAIN | ) | Magistrate Judge Susan K. Lee |
| KNIGHT, DETECTIVE SHORT, | ) | |
| OFFICER WIDDOWS, and OFFICER | ) | |
| DENTON, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MEMORANDUM OPINION**

---

Plaintiff, an inmate housed in the Hamilton County Silverdale Detention Center, has filed

(1) a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1, at 1–5); (2) an "appendix" to

the complaint in which he sets forth factual and legal allegations related to claims arising out of

an investigation of thirty inmates after a fight in the jail and certain jail conditions (*id.* at 6–14);

and (3) a motion for leave to proceed *in forma pauperis* (Doc. 4).  For the reasons set forth

below, Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*) will be **GRANTED**, and

this action will be **DISMISSED** because the complaint fails to state a claim upon which relief

may be granted under § 1983.

I.      FILING FEE

First, as it appears from Plaintiff's motion for leave to proceed *in forma pauperis* (*id.*)

that he cannot pay the filing fee, this motion is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to both the custodian of inmate accounts at Plaintiff's current institution and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B.  Allegations

Two brothers in Delta Dorm Pod 1 had an altercation with several other inmates. (Doc. 1, at 7.) After this altercation, thirty inmates were charged by affidavit. (*Id.*). However, Plaintiff alleges that various acts during the ensuing investigation violated the inmates' rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment. (*Id.* at 7.) Plaintiff specifically claims that (1) the inmates were charged, fingerprinted, and booked in a manner that violated a criminal procedural rule and without counsel or a proper investigation; (2) he was never read his Miranda rights; (3) he was charged and taken before a magistrate judge without issuance of a disciplinary report; and (4) he was subjected to an investigation in which jail officials did not take statements, collect evidence, take photos, check inmates for bruising or other marks, or call inmates to give a statement. (*Id.* at 7–10.) According to Plaintiff, this lack of a proper investigation caused "inappropriate charges, false allegations, [and] conflicting . . . charges and information" and prevented him from having "competent effective counsel" that could present all proper facts and evidence. (*Id.* at 10.)

3

Plaintiff next claims that the living conditions at the jail caused the "incident," which the Court interprets as a reference to the altercation. (*Id.* at 11.) Plaintiff specifically indicates that the jail is overcrowded and that younger inmates are coming into the system, and that these conditions have caused an increase in inmate assaults. (*Id.* at 11–12.) Plaintiff also references the jail "sanitation [and] ventilation conditions" and states that inmates do not get proper sanitation and cleaning supplies, which he claims "can be used as weapons with the overcrowding conditions." (*Id.* at 12.) Plaintiff additionally states that deliberate indifference to medical needs has affected another inmate who has a heart monitor in an unspecified way. (*Id.* at 13.)

Plaintiff has sued the Silverdale Detention Center Officials and Staff, Captain Knight, Detective Short, Officer Widdows, and Officer Denton. (Doc. 1, at 1, 3.) As relief, Plaintiff requests that Fox News "[r]ebuttal [sic]" their television commentary and monetary damages. (*Id.* at 5.)

### C. Analysis

#### i. Exhaustion

First, Plaintiff states in his complaint that the Hamilton County Silverdale Detention Center has a grievance procedure, but he did not utilize it prior to filing this action. (*Id.* at 2–3.) However, the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," which means the prisoner plaintiff must complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). To properly exhaust his claims, a prisoner

4

must utilize every step of the prison's procedure for resolving his grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)).

While failure to exhaust administrative remedies is an affirmative defense that "inmates are not required to specially plead or demonstrate . . . in their complaints," a complaint that sets forth allegations which, taken as true, establish that the plaintiff has failed to exhaust his available administrative remedies is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214–16 (2007); *Barnett v. Laurel Cnty., Kentucky*, No. 16-5658, 2017 WL 3402075, at \*1–2 (6th Cir. Jan. 30, 2017) (affirming district court's dismissal of the complaint at screening for failure to exhaust where the complaint demonstrated on its face that the plaintiff had failed to pursue available administrative remedies) (citing *Bock*, 549 U.S. at 215, and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (providing that "a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust")).

It is apparent from the face of Plaintiff's complaint that the Hamilton County Silverdale Detention Center has a grievance procedure that Plaintiff did not utilize prior to filing this action. As such, this action is subject to dismissal on this ground. *Barnett*, 2017 WL at \*1–2; *see also Mattox v. Edelman*, 851 F.3d 583, 592–93 (6th Cir. 2017) (noting that "the PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced"); *Johnson v. Burt*, No.

5

21-2878, 2023 WL 2125744, at \*2 (6th Cir. Feb. 15, 2023) ("Exhaustion may not be completed after filing a complaint.") (citations omitted).

Nevertheless, even if Plaintiff's claims were not subject to dismissal based on his failure to exhaust, they would also be subject to dismissal for other reasons, which the Court will now set forth.

### ii. Rights of Other Inmates

As set forth above, Plaintiff alleges that unspecified jail officials are deliberately indifferent to inmates' serious medical needs. But Plaintiff does not allege that the alleged deliberate indifference to medical needs in the jail has affected him. Instead, Plaintiff claims that the alleged deliberate indifference has affected another inmate. However, Plaintiff lacks standing to assert the rights of other inmates. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners."). Thus, this claim also is subject to dismissal on this ground.

### iii. Defendants' Personal Involvement

Additionally, Plaintiff does not allege or set forth any facts from which the Court can plausibly infer that any named Defendant was personally involved in or responsible for the investigatory acts or jail conditions at issue in his complaint. As such, his claims arising out of these allegations also are subject to dismissal on this ground. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

6

#### *iv.*     *Claims Arising from an Investigation and/or Conviction(s)*

Moreover, Plaintiff's claims challenging an ongoing criminal investigation against him are not cognizable under § 1983, as that investigation implicates important state interests, and Plaintiff may bring his challenges in that criminal action. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum).

Similarly, to the extent that Plaintiff's complaint could be liberally construed to challenge an underlying state court conviction that resulted from an improper investigation, such a challenge likewise is not cognizable under §1983, as nothing in the complaint suggests that a state court has reversed, expunged, or otherwise invalidated that conviction, or that a federal court has issued a writ of habeas corpus for the conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (holding that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus).

For all of these reasons, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under §1983.

### III.    CONCLUSION

For the reasons set forth above:

1.      Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.      Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.  The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.  The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.  Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6.  Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.


/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**